IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG 29 AM 8: 20

THOMAS M. GOULD
CLERK U.S. DISTRICT COURT
W/D OF TN MEMPHIS

|                     |   |                  |
|---------------------|---|------------------|
| DeSHAWN McCLENTON,  | X |                  |
|                     | X |                  |
|     Petitioner,     | X |                  |
|                     | X |                  |
| vs.                 | X | No. 04-2932-Ml/An |
|                     | X |                  |
| DAVID MILLS,        | X |                  |
|                     | X |                  |
|     Respondent.     | X |                  |
|                     | X |                  |

---

ORDER DENYING LEAVE TO PROCEED <u>IN FORMA PAUPERIS</u>
AND
ORDER TO FILE AN AMENDED PETITION

---

Petitioner DeShawn McClenton, Tennessee Department of Correction prisoner number 211435, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a <u>pro se</u> petition pursuant to 28 U.S.C. § 2254 on November 15, 2004, along with a legal memorandum and a motion seeking leave to proceed <u>in forma pauperis</u>. McClenton paid the habeas filing fee on November 29, 2004. Accordingly, the motion for leave to proceed <u>in forma pauperis</u> is DENIED as moot. The Clerk shall record the Respondent as WTSP Warden David Mills.

I.    <u>STATE COURT PROCEDURAL HISTORY</u>

On or about February 4, 1999, McClenton was convicted after a jury trial in the Shelby County Criminal Court of

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on _8-29-05_



aggravated robbery and especially aggravated kidnapping. McClenton was sentenced as a career offender on March 31, 1999, to consecutive terms of thirty (30) years imprisonment for the aggravated robbery and sixty (60) years for the especially aggravated kidnapping. The Tennessee Court of Criminal Appeals affirmed. State v. McClenton, No. W1999-00879-CCA-R3-CD, 2000 WL 987283 (Tenn. Crim. App. July 11, 2000), perm. app. denied (Tenn. Feb. 12, 2001).

McClenton filed a pro se petition pursuant to the then-current version of the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222, in the Shelby County Criminal Court on an unspecified date. Counsel was appointed to represent McClenton, and the postconviction court conducted an evidentiary hearing. The postconviction court issued an order denying the petition on October 9, 2002, and the Tennessee Court of Criminal Appeals affirmed, McClenton v. State, No. W2002-02745-CCA-R3-PC, 2003 WL 21878537 (Tenn. Crim. App. Aug. 6, 2003), perm. app. denied (Tenn. Jan. 26, 2004).

II.    PETITIONER'S FEDERAL HABEAS CLAIMS

In this federal habeas petition, McClenton raises the following issues:

1.    Whether the evidence is sufficient to sustain his convictions;

2.    Whether the trial court erred in ruling that McClenton's prior convictions were admissible for impeachment purposes;

2

3.  Whether the trial court erred by denying McClenton's motion for proposed jury instructions;

4.  Whether the trial court erred by allowing the jury to visit the line-up room in the Jail;

5.  Whether the trial court erred by allowing into evidence only a portion of the self-serving statement McClenton gave to the police;

6.  Whether the trial court erred by allowing the State to ask McClenton to stand during trial and repeat for the benefit of the jury phrases used by the robber as testified to by the victim;

7.  Whether the trial court erred by not considering any of McClenton's mitigating factors at the sentencing hearing;

8.  Whether the trial court erred by imposing consecutive sentences;

9.  Whether the trial court erred in considering factors relative [sic] for consecutive sentencing;

10.  Whether the trial court erred in determining the enhancement factors;

11.  Whether the movement and confinement of the victim were essentially incidental to the accomplishment of the aggravated robbery and therefore insufficient to support a separate conviction for kidnapping; and

12.  Whether he received ineffective assistance of counsel in violation of the Sixth Amendment.

## III.  <u>ANALYSIS OF THE MERITS</u>

Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)  the applicant has exhausted the remedies available in the courts of the State;  or

>    (B)   (i)   there is an absence of available State
>                corrective process;  or
>
>          (ii)  circumstances exist that render such
>                process ineffective to protect the rights
>                of the applicant.
>
>    (2)   An application for a writ of habeas corpus may be
>          denied on the merits, notwithstanding the failure
>          of the applicant to exhaust the remedies available
>          in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See, e.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. 28 U.S.C. § 2254(c); Preiser v. Rodriquez, 411 U.S. 475, 477, 489-90 (1973).

To exhaust his state remedies, the petitioner must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). "'[T]he substance of a federal habeas corpus

4

claim must first be presented to the state courts.'" <u>Id.</u> at 163 (quoting <u>Picard</u>, 404 U.S. at 278). A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief." <u>Id.</u>

In addition, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." <u>Id.</u> When a petitioner raises different factual issues under the same legal theory, he is required to present each factual claim to the highest state court in order to exhaust his state remedies. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>see also</u> <u>Pillette v. Foltz</u>, 824 F.2d 494, 496 (6th Cir. 1987). A petitioner has not exhausted his state remedies if he has merely presented a particular legal theory to the courts without presenting each factual claim. <u>Pillette</u>, 824 F.2d at 497-98. Each claim must be presented to the state courts as a matter of federal law. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982); <u>see also</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995) (per curiam) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the

Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Moreover, the state court decision must rest primarily on federal law. Coleman v. Thompson, 501 U.S. 722, 734-35 (1991). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, a petitioner ordinarily is barred by this procedural default from seeking federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977). However, the state-court decision need not explicitly address the federal claims; instead, it is enough that the petitioner's brief squarely presents the issue. Smith v. Digmon, 434 U.S. 332 (1978) (per curiam).

When a petitioner's claims have never been actually presented to the state courts but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred. Coleman, 501 U.S. at 752-53; Teague v. Lane, 489 U.S. 288, 297-99 (1989); Wainwright, 433 U.S. at 87-88; Rust, 17 F.3d at 160.

A petitioner confronted with either variety of procedural default must show cause for the default and prejudice to obtain federal court review of his claim. Teague, 489 U.S. at 297-99; Wainwright, 433 U.S. at 87-88. Cause for a procedural default depends on some "objective factor external to the defense" that

interfered with the petitioner's efforts to comply with the
procedural rule. <u>Coleman</u>, 501 U.S. at 752-53; <u>Murray v. Carrier</u>,
477 U.S. 478, 488 (1986).

A petitioner may avoid the procedural bar, and the
necessity of showing cause and prejudice, by demonstrating "that
failure to consider the claims will result in a fundamental
miscarriage of justice." <u>Coleman</u>, 501 U.S. at 750. The petitioner
must show that "'a constitutional violation has probably resulted
in the conviction of one who is actually innocent.'" <u>Schlup v.</u>
<u>Delo</u>, 513 U.S. 298, 327 (1995) (quoting <u>Murray</u>, 477 U.S. at 496).
"To establish the requisite probability, the petitioner must show
that it is more likely than not that no reasonable juror would have
convicted him in the light of the new evidence." <u>Id.</u>

This is a mixed petition containing both exhausted and
unexhausted claims. In particular, Claims 8, 9, and 10 rely, in
part, on <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and <u>United</u>
<u>States v. Booker</u>, 375 F.3d 508 (7th Cir. 2004), <u>aff'd</u>, 125 S. Ct.
738 (2005). The petition is silent about any attempt by McClenton
to exhaust his <u>Blakely</u> and <u>Booker</u> claims in state court. Moreover,
the Court is unable to conclude that no avenues exist for
exhausting those claims. A defendant may file a motion in the trial
court to reopen his postconviction petition if

> (1) The claim in the motion is based upon a final
> ruling of an appellate court establishing a
> constitutional right that was not recognized as existing
> at the time of trial, if retrospective application of
> that right is required. Such motion must be filed within

one (1) year of the ruling of the highest state appellate
court or the United States supreme court establishing a
constitutional right that was not recognized as existing
at the time of trial . . . . ; and

(4) It appears that the facts underlying the claim,
if true, would establish by clear and convincing evidence
that the petitioner is entitled to have the conviction
set aside or the sentence reduced.

Tenn. Code Ann. § 40-30-117(a). The petition does not disclose whether McClenton filed a motion to reopen his postconviction petition and appealed any adverse ruling to the Tennessee Court of Criminal Appeals, as provided by Tenn. Code Ann. § 40-30-117(c). Accordingly, McClenton has failed to demonstrate that he has exhausted this claim in state court.

The Supreme Court has held that a mixed petition containing both exhausted and unexhausted claims must be dismissed without prejudice in order to afford the state courts the opportunity to address the unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982). Alternatively, the petitioner may choose to amend his petition to assert only the exhausted claims. Id. at 500.[1] Accordingly, the Petitioner is ORDERED, within thirty (30) days of the date of entry of this order, to advise the Court whether he intends to return to state court to attempt to exhaust the issues set forth in claims 8, 9, and 10, to the extent they

---

[1]       In Rhines v. Weber, 125 S. Ct. 1528 (2005) (publication pages unavailable), the Supreme Court reaffirmed its previous holding in Rose but stated that, in light of the one-year limitations period contained in 28 U.S.C. § 2244(d)(1), that did not exist when the decision in Rose was issued, district courts have discretion, under "limited circumstances," to hold habeas petitions in abeyance while a petitioner is presenting his claims to the state courts.

rely on <u>Blakely</u> and <u>Booker</u> and, to the extent he chooses not to exhaust those claims, whether he intends to withdraw them from this Court's consideration in order to obtain a decision on the remaining claims in this petition. The Petitioner is cautioned that, if he chooses not to exhaust his <u>Blakely</u> and <u>Booker</u> claims in state court, and he chooses not to withdraw them, this mixed petition must be dismissed without prejudice pursuant to <u>Rose v. Lundy</u>. If the Petitioner chooses to exhaust his <u>Blakely</u> and <u>Booker</u> claims in state court, the Court will issue an order holding this petition in abeyance, pursuant to <u>Rhines v. Weber</u>, provided that the motion to reopen the state postconviction petition is filed in state court within thirty (30) days after the order granting the stay is entered. Failure to timely respond to this order will result in the dismissal of this mixed petition without prejudice pursuant to <u>Rose v. Lundy</u>.

IT IS SO ORDERED this _29_ day of Aug, 2005.

_____
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

9

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:04-CV-02932 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

DeShawn McClenton
West Tennessee State Penitentiary
211435
480 Green Chapel Rd.
P.O. Box 1150
Henning, TN 38041--115

Honorable Jon McCalla
US DISTRICT COURT